# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **TIM GRIFFITH,** | ) |
| Plaintiff, | ) CASE NO. |
| | ) |
| vs. | ) JUDGE |
| | ) |
| **VILLAGE OF BALTIC,** | ) |
| | ) |
| Defendant. | ) **COMPLAINT** |
| | ) |
| | ) **JURY DEMAND ENDORSED HEREON** |

Plaintiff, Tim Griffith, brings this action against Defendant, the Village of Baltic under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

## JURISDICTION AND VENUE

1. Jurisdiction in this case is based on 28 U.S.C. § 1331. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because all or part of the events giving rise to Plaintiff's claims occurred here.

## PARTIES

3. Tim Griffith is an adult individual residing in Baltic, Ohio.

4. Defendant, Village of Baltic, is a political subdivision of Ohio and is located in Tuscarawas County, Ohio. Defendant can be served through its Mayor, Lana Guisinger, at Village Hall, 102 Main St., Baltic, Ohio 43804.

5. During all times material to this complaint, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

6. During all times material to this complaint, Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 203(e).

## STATEMENT OF FACTS

7. At all relevant times, Plaintiff was employed by Defendant as a non-exempt employee.

8. Plaintiff routinely worked more than 40 hours per workweek.

9. Plaintiff was paid a salary.

10. Defendant did not pay Plaintiff an overtime premium equal to one and one-half times his regular rate. Rather, Defendant paid Plaintiff an overtime premium equal to half of his standard rate of pay.

11. Plaintiff did not qualify for any exemptions from the overtime requirements of the FLSA.

12. Because Defendant made certain deductions from Plaintiff's salary, including for medical leave, Defendant was not permitted to pay Plaintiff pursuant to the "fluctuating workweek method." *See,* 29 C.F.R § 778.114(a); Department of Labor Opinion Letter, FLSA2006-15.

13. Defendant's failure to pay Plaintiff a proper overtime premium for hours was willful and not in good-faith.

## COUNT I
### (Alleging Violation of the FLSA)

14. All previous paragraphs are incorporated as though fully set forth herein.

15. During all times material to this complaint, Defendant was employer within the meaning of the FLSA.

16. During all times material to this complaint, Plaintiff was an employee within the meaning of the FLSA.

17. Plaintiff does not qualify for an exemption from the wage and overtime obligations imposed by the FLSA.

18. At all relevant times material to this complaint, Plaintiff was entitled to be paid an overtime premium equal to time and one half his regular rate for hours worked in excess of 40 per workweek as mandated by the FLSA.

19. During his employment with Defendant, Plaintiff worked in excess of 40 hours per workweek but was not paid a proper overtime premium. Rather, he was only paid an overtime premium equal to half of his standard rate of pay.

20. Defendant was not permitted to pay Plaintiff pursuant to the fluctuating workweek method because Defendant made deductions from Plaintiff's pay for medical leaves of absence.

21. Throughout Plaintiff's employment, Defendant has known that Plaintiff was not exempt from the wage and overtime obligations imposed by the FLSA. Defendant has known that it is required to pay Plaintiff an overtime premium equal to one and one-half times Plaintiff's regular rate for all hours worked over 40 in any workweek.

22. Defendant's failure to pay Plaintiff compensation for all hours worked at the statutory overtime rate was willful. Thus, Plaintiff is entitled to overtime compensation extending back three years from the date this Complaint was filed.

23. Defendant took no affirmative steps to ensure compliance with its obligations under the FLSA. Plaintiff is therefore entitled to liquidated damages in an amount equal to the compensation and overtime which he has not been paid.

24. Plaintiff has been required to file this action as the result of Defendant's actions in failing to pay him proper compensation. As such, Plaintiff is entitled to attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendant for an Order providing the following relief:

A. Unpaid wages, including overtime wages as provided under federal law;

B. Liquidated damages to the fullest extent permitted under federal law;

C. Litigation costs, expenses and attorneys' fees to the full extent permitted under state law; and

D. Such other relief as this Court deems just and proper.

Respectfully submitted,

Nilges Draher LLC

*/s/ Hans A. Nilges*
Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: sdraher@ohlaborlaw.com
hans@ohlaborlaw.com

*Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiff requests a trial by jury on all claims so triable.

                                          */s/ Hans A. Nilges*
                                          Hans A. Nilges (0076017)